UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND EDWARD CHESTNUT, | : | CIVIL ACTION NO. 3:CV-13-1512 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| WARDEN THOMAS, | : | |
| Respondent | : | |

FILED
SCRANTON
NOV 21 2013
PER ___ DEPUTY CLERK

## **MEMORANDUM**

Raymond Edward Chestnut, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Chestnut alleges due process violations in connection with a December 11, 2007 incident report that he received while incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina. Id. Specifically, Petitioner claims his due process rights were violated when he was not provided with the incident report within twenty-four (24) hours; and when the disciplinary hearing officer failed to call Petitioner's requested witnesses. Id. For relief, he seeks the expungement of the incident report from his disciplinary record and the restoration of his good conduct time. Id. A response, (Doc. 8), and traverse, (Doc. 9), having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition will be dismissed as moot.

## **Background**

On December 11, 2007, Chestnut received an incident report for the prohibited acts of Assault Without Injury; Refusing to Obey an Order; and Insolence

Toward Staff. (Doc. 8, Ex. A, Inmate Discipline Data, Chronological Disciplinary Record). The Disciplinary Hearing Officer (DHO) found Chestnut guilty of the prohibited acts of Assault Without Injury; Refusing to Obey an Order; and Insolence Toward Staff. Id. As a result, Chestnut was sanctioned with a disallowance of forty (40) days good conduct time, loss of one (1) year telephone privileges, and thirty (30) days disciplinary segregation. Id.

The DHO later reviewed his decision and expunged Chestnut's Incident Report No. 1676701. Id. The DHO then credited forty (40) days good conduct time to Chestnut's sentence. Id. As a result, Chestnut's release date was changed from August 29, 2019 to July 25, 2019. (Doc. 8, Ex. B-C, Public Information Inmate Data).

**Discussion**

Article III of the United States Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. Const. art. III, §§2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.'" County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001) (citing Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001)). "The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must e dismissed as moot.'"

2

Nationalist Movement, 273 F.3d at 533 (quoting Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996)). Furthermore, "the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. See Khodara Envtl., Inc., 237 F.3d at 193 (citing Lewis v. Continental Bank Corp., 494 U.S. 472 (1990)." Nationalist Movement, 273 F.3d at 533.

Chestnut's petition for writ of habeas corpus has been rendered moot by virtue of the expungement of the incident report and the restoration of his good conduct time. As there is no longer a live case or controversy, the petition for writ of habeas corpus will be dismissed as moot.

A separate Order will be issued.

Dated: November 21, 2013

United States District Judge